IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

DOUGLAS EDWARD IVEY,

    **Petitioner,**

v.

    Case No. 23-CV-285-JFH-JAR

TERRY TUGGLE, Warden,

    **Respondent.**

**OPINION AND ORDER**

Petitioner Douglas Edward Ivey ("Petitioner"), a state prisoner appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. No. 1. Respondent Terry Tuggle has filed a motion to dismiss the petition [Dkt. No. 11], to which Petitioner has responded in opposition [Dkt. No. 13]. For the reasons discussed herein, the Court grants Respondent's motion and dismisses the petition without prejudice.

**I.     Discussion**

Petitioner was charged by Information on April 20, 2001, in District Court of Okmulgee County, Oklahoma, Case No. CF-2001-96, with twenty counts of "pornography – possession of child pornography, a felony, 21 O.S. § 1021.2." Dkt. No. 1-1 at 26; Dkt. No. 11-2 at 1-2.[1] The Information specified that the crimes occurred on or about March 22, 2001. Dkt. No. 11-2 at 2. Petitioner was convicted, pursuant to guilty pleas, on all twenty counts. Dkt. No. 1-1 at 26. Petitioner's Judgment, issued February 19, 2003, was later amended on February 6, 2006, and again on August 3, 2009.[2] Petitioner's Second Amended Judgment and Sentence specifies that

---

[1] The Court's citations refer to the CM/ECF header pagination.

[2] The Court takes judicial notice of the docket sheet in Petitioner's state criminal proceeding. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007).

Petitioner is guilty of twenty counts of "pornography – possession of child pornography, a felony under 21 O.S. § 1021.1." Dkt. No. 1-1 at 4-5. Petitioner was sentenced to thirty-year terms of imprisonment on each count, with all counts running concurrently to each other and with his sentence in a separate criminal action, District Court of Tulsa County, Oklahoma, Case No. CF-2000-6484. *Id.* at 5-6. The Second Amended Judgment and Sentence further provides that Petitioner is to receive credit for time served in Case No. CF-2000-6484. *Id.* at 6.

Petitioner initiated this habeas action on August 30, 2023, challenging the manner in which his sentence is being calculated. His arguments relate to the application of Oklahoma's statute requiring persons convicted of certain crimes to serve 85% of the imposed sentence. The law, codified in Okla. Stat. tit. 21, § 12.1, prescribes that "[a] person committing a felony offense listed in [title 21, section 13.1 of the Oklahoma Statutes] on or after March 1, 2000, and convicted of the offense shall serve not less than eighty-five percent (85%) of the sentence of imprisonment imposed," and such person "shall not be eligible for parole consideration prior to serving eighty-five percent (85%) of the sentence imposed" or "be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty-five (85%) of the sentence imposed." Okla. Stat. tit. 21, § 12.1 (hereinafter, the "85% rule"). Both at the time of Petitioner's conviction and at the time his Second Amended Judgment and Sentence was issued, section 13.1 included as a listed offense "[c]hild pornography as defined in Section 1021.2, 1021.3 or 1024.1 of [Title 21 of the Oklahoma Statutes]." Okla. Stat. tit. 21, § 13.1(16) (eff. Mar. 8, 2002); *id.* § 13.1(16) (eff. May 21, 2009).

Petitioner asserts prison authorities unlawfully reclassified his crimes in their internal records as arising under Okla. Stat. tit. 21, § 1024.1, rather than under § 1021.1, thereby "erroneously placing 85% restrictions on [his] sentence." Dkt. No. 1 at 2. Petitioner states that he

2

sought administrative remedies and was informed by the records officer that the statute under which he was convicted is "old" and prison authorities therefore "have to enter it as a [§] 1024.1 to keep it an 85%." Dkt. No. 1 at 2; Dkt. No. 1-1 at 13. In response to Petitioner's argument, Respondent asserts that, "[a]t the time Petitioner was charged, the crime of possession of child pornography was listed as an 85% crime" and that, "[a]t all times relevant, the crime of possession of child pornography has remained subject to the 85% rule." Dkt. No. 11, at 2.

As noted, the Second Amended Judgment and Sentence states that Petitioner is guilty of "pornography – possession of child pornography, a felony under 21 O.S. § 1021.1." Dkt. No. 1-1 at 4-5. The reference to § 1021.1, rather than § 1021.2, is peculiar, as Petitioner was charged under the latter provision and the former provision does not criminalize the possession of child pornography, but rather provides an exception for law enforcement activities to what would otherwise be deemed criminal conduct under the Act. *See* Okla. Stat. tit. 21, § 1021.1 (eff. Nov. 1, 2000).[3] As such, it is not evident that the reference to § 1021.1 precludes the finding that Petitioner was convicted of child pornography as that term is defined in section 1021.2, 1021.3, or 1024.1. *See Wooton v. Martin*, No. CIV-19-693-D, 2019 WL 7596191, at *1-2 (W.D. Okla. Oct.

---

[3] From 2000 to 2024, section 1021.1 provided:

> A. Sections 1021 through 1024.4 of this title shall not apply to persons who may possess or distribute obscene matter or child pornography or participate in conduct otherwise prescribed by this act, when such possession, distribution, or conduct occurs in the course of law enforcement activities.
>
> B. The criminal provisions of this title shall not prohibit the district attorney from seeking civil or injunctive relief to enjoin the production, publication, dissemination, distribution, sale of or participation in any obscene material or child pornography, or the dissemination to minors of material harmful to minors, or the possession of child pornography.

Okla. Stat. tit. 21, § 1021.1 (eff. Nov. 1, 2000).

10, 2019) (R. & R.) ("'Clearly, the legislature intended for those who are convicted for possession of child pornography as it is defined by §§ 1021.2, 1021.3 or 1024.1, no matter where the criminal provision is found in our statutes, serve [at least] 85% of their imprisonment.'" (quoting *West v. State*, F-2013-766 (Okla. Crim. App. Dec. 12, 2014))), *adopted*, 2019 WL 6012851 (W.D. Okla. Nov. 14, 2019).

It is not apparent from the record before the Court that the reference to § 1021.1 in the Second Amended Judgment and Sentence was anything other than a scrivener's error. Nor does the record clearly reflect that Petitioner's crime falls outside the definitions referenced in § 13.1(16) for child pornography. Petitioner's operative judgment reflects that Petitioner has been convicted of the felony of possession of child pornography, and possession of child pornography is a listed offense in section 13.1(16), subject to the 85% rule. Accordingly, the Court finds Petitioner has not demonstrated that prison authorities' application of the 85% rule to his sentence is erroneous.

## II. Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss [Dkt. No. 11] is GRANTED. The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Dkt. No. 1] is DISMISSED without prejudice. Petitioner's pending Motion to Compel [Dkt. No. 17] is DENIED as moot. The Court declines to issue a certificate of appealability because the Court finds Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); *see Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A separate judgment of dismissal shall be entered in this matter.

Dated this 30th day of May, 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE